UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Case No. 21-CR-105 (APM) |
| **HENRY MUNTZER** | ) ) ) | |
| **Defendant.** | ) ) | |

### RESPONSE TO GOVERNMENT'S MOTION FOR
### PROTECTIVE ORDER GOVERNING MATERIALS PROVIDED BY THE
### GOVERNMENT IN THIS CASE

Mr. Muntzer, through undersigned counsel, respectfully submits this response to the Government's Motion for Protective Order ("Gov't Mot."), ECF No. 15. For the reasons discussed below, Mr. Muntzer respectfully requests that the Court deny the government's motion because 1) the government has not sufficiently justified the need for a protective order in *this case*, and 2) the protective order sought by the government violates Mr. Muntzer right to an adequate defense, is unduly burdensome for the defense, and prevents defense counsel from discharging his ethical obligations.

As the government notes in its motion, Mr. Muntzer has been indicted in this District with obstruction of an official proceeding, entering and remaining in a restrictive building or grounds, disorderly and disruptive conduct in a restricted building or grounds, disorderly conduct in a capitol building, and parading, demonstrating, or picketing in a capitol building.

A sealed Criminal Complaint filed with the court on January 13, 2021. Mr. Muntzer was arrested on the Complaint in the state of Montana, where he resides, on January 18, 2021.

The instant indictment was filed on February 10, 2021. Mr. Muntzer was arraigned on the

instant indictment on February 19, 2021. In all respects, Mr. Muntzer has been in compliance with his conditions of release.

Mr. Muntzer is 52 years old. He is the only named defendant in the indictment. Mr. Muntzer has no prior convictions; and, prior to this case he has never been arrested. There is no evidence that Mr. Muntzer is associated with any anti-government militia organizations or other groups that deny the legitimacy of the United States government. See, Govt. Mot. at 2. Nor is there any evidence that Mr. Muntzer will not comply with any court order regarding the non-disclosure of evidence provided by the government pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

The government advances only two justifications for the proposed protective order: 1) "[t]o expedite the flow of discovery materials between the parties," and 2) to adequately protect "the United States' legitimate interests" Gov't Mot. at 1. Although Mr. Munzter was arraigned more than two months ago, the government has not provided the defense with any discovery material in this case until yesterday. To date, the government has not specifically identified which Rule 16 materials *in this case* it seeks to have covered by the proposed protective order. Instead, the government cites a non-exhaustive list of "examples" of materials it "may" seek to have covered by the proposed protective order.

I

Federal Rule of Criminal Procedure 16(d)(1) allows the Court to, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief" by entering a protective order. Protective orders, however, "are the exception, not the rule, and appropriate reasons must be given for their entry." *United States v. Stone*, No. 10-20123, 2012 WL 137746, at *3 (E.D.

Mich. Jan. 18, 2012). "The party seeking a protective order bears the burden of proving its necessity and must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought." *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES*, 304 F.R.D. 10, 12 (D.D.C. 2014) (quotation marks omitted) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). *See also United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) ("Good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" (quoting *In re Terrorist Attacks on September 11, 2001,* 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006))). "A finding of harm must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Id.* (quotation marks and citation omitted).

Here, by failing to articulate specific facts that demonstrate an alleged harm that would occur in the absence of a protective order in this case, the government has provided no justification to support the issuance of a protective order. Rather, the government attempts to justify its proposed protective order by making generalized claims about unidentified concerns regarding the disclosure of undefined "legitimate interests." The government further fails to identify the potential harm or injury in this case that needs protection. The Court therefore has no information from which to conclude that the information the government seeks to have covered by the protective order would "result in a clearly defined, specific and serious injury" in the absence of a protective order." *Id.* For these reasons, based on the current record, the government's request for a protective order must be denied.

To be clear, Mr. Muntzer will not oppose a protective order concerning *specific materials* if the government is able to adequately show that there is good cause for protecting those specific

3

materials. For example, in *US v. Caldwell*, 21-CR-28 (APM), Document 120, the government outlined three specific categories of Rule 16 material it sought to have covered by the proposed protective order: 1) U.S. Capitol surveillance footage; 2) financial records which contained personal identifying information as well as private financial records; and 3) sealed search warrants and court orders pursuant to 18 U.S.C. § 2703(d) and the applications and affidavits in support thereof, and electronic device, e-mail, cloud storage, and social media search warrant returns. Mr. Muntzer will also not oppose a protective order that governs the use of private personal information such as social security numbers, dates of birth, bank account numbers, or the names of minors. *See*, Rule 49.1 of the Federal Rules of Evidence. In this case, however, the government has made no such, specific, representations. The Defendant therefore is being asked to agree, sight unseen, to a restriction on materials he is entitled to receive under Rule 16 without knowing how the material might affect his ability to prepare an adequate defense to the charged offenses.

The better course is to have the government turn over all of the material to which the defense is entitled pursuant to Rule 16 (and the due process clause), and then, if the government believes *specific items* should be covered by a protective order, it should then justify to the Court why that specific item or information should be protected. For example, in *United States v. Bulger*, the defendant's motion to lift an already existing blanket protective order was partially granted because the court determined that "there is not an adequate showing that all of the documents the government produced or will produce should remain subject to the terms of the protective order." *United States v. Bulger*, 283 F.R.D. 46, 53 (D. Mass. 2012). As a starting point for determining what, if any, documents should be subject to a protective order, the court in *Bulger* directed the government to identify the specific documents it believed should be subject to a protective order.

4

*Id.* The same process should be used in the instant case.

II

When determining whether to issue a protective order, or deciding the proper scope of any protective order, "the Court should consider how burdensome a protective order" will be on the defendant. *Smith*, 985 F. Supp. 2d at 544. *See also United States v. Lindh*, 198 F.Supp.2d 739, 742 (E.D. Va. 2002) ("[I]n determining whether to accord protection to certain materials, and the extent of such protection, courts should weigh the impact this might have on a defendant's due process right to prepare and present a full defense at trial").

The protective order sought by the government in this case prohibits *defense counsel* from providing Mr. Muntzer with a copy of certain, as of yet, unidentified material. The protective order also prohibits Mr. Muntzer from viewing the material without being supervised by defense counsel or a member of the defense team. Finally, the protective order requires Mr. Muntzer to execute a "Defendant's Acceptance" form indicating that he is "fully satisfied with the legal services provided by my attorney in connection with this Protective Order and all matters relating to it; that Mr. Muntzer "voluntarily agree(s) to [the Protective Order]; and, that "no threats have been made to [Mr. Munster], nor [is Mr. Munster] under the influence of anything that could impeded [his] ability to understand the Protective Order fully."

The government has not set forth any legitimate justification for these restrictions in this case. The government concedes that "the defense" is entitled to this information; however, the government then seeks to restrict how the defendant can view (or access) the information in preparing his defense. The government unquestionably has the right to seek an order from the Court that information provided pursuant to Rule 16 not be *disclosed* to outside parties, see Rule

5

16(d)(1). But, absent some showing that *Mr. Muntzer*, will not, or is not likely to, comply with a court order directing that the information not be disclosed to outside parties, the government does not have a right to dictate how the defense chooses to handle the evidence, or, how Mr. Muntzer elects to review the evidence.

   Finally, in the event the Court concludes that the proposed protective order in its present form is appropriate in this case, there is absolutely no justification for having Mr. Munster execute the proposed "Defendant's Acceptance" form attached to the government's proposed order. Paragraph 4(b) of the proposed protective order states that "[n]o Sensitive or Highly Sensitive materials, of the information contained therein, may be disclosed to any person other than Defendant, the legal defense team, or the person to whom the Sensitive or Highly Sensitive information solely and directly pertains or his/her counsel, without agreement of the United States or prior authorization from the Court." And Paragraph 13 states that "Defense counsel must provide a copy of this Order to, and review the terms of this Order with, members of the defense team, Defendant, and any other person, before providing them access to Sensitive or Highly Sensitive materials." These two provisions of the proposed order adequately ensure that the materials subject to the proposed protective order will not be disclosed to unauthorized parties. The "Defendant's Acceptance" form, however, requires, among other things, that Mr. Muntzer attest that he is fully satisfied with the legal services provided by counsel "in connection with this Protective Order and all matters relating to it" and that he "voluntarily agree[s] to [the Protective Order]."

   Mr. Muntzer will certainly abide by the Court's ruling in the event the Court accepts the government's proposed protective order. That does not mean that he is *voluntarily agreeing* to the

protective order. Similarly, in the event the Court accepts the government's proposed protective order, over the objections noted in this pleading, there is no reason Mr. Muntzer should have to attest that he is fully satisfied with counsel's legal services in connection with the proposed protective order litigation. The Court, therefore, should not require Mr. Muntzer to execute the proposed "Defendant's Acceptance" form.

## CONCLUSION

For the foregoing reasons, Mr. Muntzer respectfully requests that the Court deny the government's motion for a protective order in its entirety and compel the government to disclose all Rule 16 materials in unredacted form as soon as possible.

Alternatively, if the Court finds that a protective order is warranted, Mr. Muntzer requests that the Court enter a protective order that takes into account the concerns and arguments presented herein.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, NW, Suite 550
Washington, DC  20004
(202) 208-7500, Ext. 102