UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HENRY PHILLIP MUNTZER<br>(a/k/a "HANK MUNTZER"),<br><br>Defendant. | Criminal Action No. 21-105 (JMC) |

**PRETRIAL ORDER**

As discussed during the Status Conference held in this case on July 24, 2023, and in order to administer the trial of this case in a manner that is fair and just to the Parties and is consistent with the goal of completing the trial in the most efficient manner, it is hereby

**ORDERED** that the trial of this case will commence on **February 5, 2024, at 9:30 AM** in Courtroom 21. It is further

**ORDERED** that any motions, other than motions in limine, are due by **November 20, 2023**. Oppositions to any such motions are due by **December 4, 2023**. Replies in support of any such motions are due by **December 11, 2023**. It is further

**ORDERED** that any motions in limine are due by **January 5, 2024**, to the extent that any Party wants to file any additional motions in limine. Oppositions are due by **January 12, 2024**. It is further

**ORDERED** that a pretrial conference will be held on **January 18, 2024, at 10:30 AM** in Courtroom 21. It is further

**ORDERED** that the Parties' joint pretrial statement is due by **January 12, 2024**. In addition to filing the joint pretrial statement on the public docket, the Parties will submit a version

1

of the statement in Microsoft Word format to Cobb_Chambers@dcd.uscourts.gov. The joint pretrial statement will include:

    a. <u>written statements</u> (i) by the Government setting forth the terms of any plea offer made to Defendants and the date such offer was made and lapsed; and (ii) by Defense Counsel indicating (1) the dates on which the terms of any plea offer were communicated to Defendants and rejected, *see Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."), and (2) the potential sentencing exposure communicated by the Defense Counsel to Defendants and the date on which such communication occurred, *see United States v. Rashad*, 331 F.3d 908, 912 (D.C. Cir. 2003);

    b. <u>a one-paragraph joint statement</u> of the case for the Court to read to prospective jurors;

    c. <u>proposed *voir dire* questions</u> that include:

        i. the *voir dire* questions on which the Parties agree; and

        ii. the *voir dire* questions on which the Parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

    d. <u>the text of proposed jury instructions</u>, which are formatted so that each instruction begins on a new page, and indicating:

        i. the instructions on which the Parties agree;

        ii. the instructions on which the Parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and

   the proposed instruction's source (e.g., the Red Book, Matthew Bender's Federal Jury Instructions) or, for modified or new instructions, its supporting legal authority;

e. <u>a list of expert witnesses</u>, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

f. <u>a list of prior convictions</u> that the Government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

g. <u>lists of exhibits</u> that the Parties intend to use during their cases-in-chief, with a brief description of each exhibit, followed by specific objections (if any) to each exhibit;

h. <u>copies of any exhibits</u> in dispute

i. <u>any stipulations</u> executed or anticipated to be executed;

j. <u>a proposed verdict form</u> that includes a date and signature line for the jury foreperson, as well as proposed special interrogatories (if any); and

k. <u>a proposed schedule</u> for the Parties' exchange of witness lists and Jencks Act material, including when such lists will be provided to the Court.

It is further

**ORDERED** that the Parties will exchange exhibit lists, which they are required to provide with their joint pretrial statement, by **January 5, 2024**. The lists will consist of all exhibits that the Parties intend to use in their cases-in-chief. The Parties will confer regarding any objections to the proposed exhibits to narrow the issues in dispute before filing the joint pretrial statement. All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from

the Courtroom Deputy Clerk. The written lists of exhibits must contain a brief description of each exhibit.

At the commencement of trial, counsel will furnish the Court with (1) electronic copies of their exhibit lists and pre-marked exhibits and (2) a binder containing physical copies of their exhibit lists and pre-marked exhibits. It is further

**ORDERED** that the Government is under a continuing and ongoing obligation to provide Defense Counsel any favorable or exculpatory information (*Brady*), whether or not admissible in evidence. *Brady* information must be disclosed on a rolling basis—"the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (*Giglio*)—including *Lewis* material—on or before **January 3, 2024**. *See United States v. Celis*, 608 F.3d 818, 835-36 (D.C. Cir. 2010). *Giglio* obligations are also ongoing.

**SO ORDERED.**

DATE: July 24, 2023

_____
Hon. Jia M. Cobb
U.S. District Court Judge