# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                                     |   |                           |
|-------------------------------------|---|---------------------------|
| **UNITED STATES OF AMERICA**        | : | **Case No.: 1:21-cr-105 (JMC)** |
|                                     | : |                           |
| **v.**                              | : |                           |
|                                     | : |                           |
| **HENRY PHILLIP MUNTZER,**          | : |                           |
|                                     | : |                           |
| **Defendant.**                      | : |                           |
|                                     | : |                           |

## GOVERNMENT RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT ONE

The defendant, Henry Muntzer, has moved to dismiss Count One of the superseding indictment, which charges him with violating 18 U.S.C. §§ 1512(c)(2) and 2 (obstruction of an official proceeding and aiding and abetting). ECF No. 64 ("Def.'s Mot."). Muntzer argues that 18 U.S.C. § 1512(c)(2) is not applicable to his conduct because he did not "engage in assaultive conduct and [did] not act with an intent to obtain an unlawful advantage or benefit . . . ." *Id.* at 9. No court—at the appellate or trial level—has ever adopted Muntzer's novel position, and this Court should decline to be the first. The Court should deny Muntzer's motion.

## I.     Procedural History

On January 18, 2023, a grand jury sitting in this district charged Muntzer by superseding indictment with two felonies and four misdemeanors related to his actions at the U.S. Capitol on January 6, 2021: Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count Two); Entering and Remaining in a Restricted Building or Ground, in violation of 18 U.S.C. § 1752(a)(1) (Count Three); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18

1

U.S.C. § 1752(a)(2) (Count Four); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Five); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Six). ECF No. 50.

On September 4, 2023, Muntzer filed the instant motion to dismiss Count One. *See* Def.'s Mot. Trial is scheduled to begin on February 5, 2024. (*See* 7/24/23 Minute Entry).

## II.    Legal Standard

Federal Rule of Criminal Procedure 7(c)(1) states, in relevant part, that "[t]he indictment … must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient under the Constitution and Rule 7 if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). This may be accomplished by "echo[ing] the operative statutory text while also specifying the time and place of the offense," *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976). As such, "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a *full* proffer of evidence"

or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.

Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). Criminal cases have no mechanism equivalent to the civil rule for summary judgment. *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) (motions for summary judgment are creatures of civil, not criminal trials); *Yakou*, 428 F.2d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-cr-40-BAH at *5, 2020 WL 6342940 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence). Accordingly, dismissal of a charge does not depend on forecasts of what the government can prove. Instead, a criminal defendant may move for dismissal based on a defect in the indictment, such as a failure to state an offense. *United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016). Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination.

Thus, when ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and more specifically, the language used to charge the crimes. *United States v. Bingert*, Case No. 1:21-cr-93 (RCL), ECF 67 (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *United States v. McHugh*, 583 F. Supp. 3d 1, 10 (D.D.C. 2022) (a motion to dismiss involves the Court's

determination of the legal sufficiency of the indictment, not the sufficiency of the evidence); *United States v. Puma*, No. 21-cr-454 (PLF), 2020 WL 823079 at *4 (D.D.C. Mar. 19, 2022) (quoting *United States v. Sunia*, 643 F.Supp. 2d 51, 60 (D.D.C. 2009)).

### III.    Argument

Muntzer asserts that 18 U.S.C. § 1512(c)(2) is not applicable to his conduct because he did not act "corruptly." *See generally* Def.'s Mot. Specifically, Muntzer argues that "if a defendant does not engage in assaultive conduct and does not act with an intent to obtain an unlawful advantage or benefit either for oneself or for another, he cannot be guilty of violating 18 U.S.C. § 1512(c)(2)." *Id*. Muntzer relies on three cases to support his reading of § 1512(c)(2): the D.C. Circuit's decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), reversing Judge Nichols' dismissals of the § 1512(c)(2) charges in several January 6 cases on *actus reus* grounds; the district court's denial of motions to dismiss a § 1512(c)(2) charge and for judgment of acquittal on that charge in *United States v. Robertson*, Case No. 1:21-cr-34 (CRC), as well as the pending appeal; and the jury instructions Judge Kelly delivered in the Proud Boys leadership trial, *United States v. Nordean, et al*., Case No. 1:21-cr-175 (TJK), ECF No. 767 at 31-32. Def.'s Mot. at 5-6. In fact, none of these cases support Muntzer's position.

Muntzer's argument fails for three principal reasons. First, there can be no dispute that Count One, as charged in the superseding indictment, *see* ECF No. 50, "echoes the operative statutory text while also specifying the time and place of the offense," *compare id.* and 18 U.S.C. § 1512(c)(2), which is sufficient to satisfy the Constitution and Rule 7. *Williamson*, 903 F.3d at 130 (citing *Hamling*, 418 U.S. at 117). Second, Muntzer misapprehends the state of law after the D.C. Circuit's decision in *United States v. Fischer, et al.*, Nos. 22-3038, 22-3039, and 22-3041

4

(D.C. Cir. June 27, 2022). No Court—including *Fischer*—has ever held that a defendant must commit an assault to violate § 1512(c)(2); indeed *Fischer* held that § 1512(c)(2) "encompasses all forms of obstructive conduct," without any language limiting that "obstructive conduct" to assaultive conduct. *See* 64 F.4th at 336-340. Third, even if the Court accepted the definition of "corruptly" Muntzer advocates—the one used by Judge Bates in his *Nordean* jury instructions, *see id.*, ECF No. 767 at 31-32—assaultive conduct still would not be required to violate § 1512(c)(2).

### A. Count One is sufficient because the charge in the superseding indictment tracks the statutory language of § 1512(c)(2).

The relevant statutory text of § 1512 reads "(c) Whoever corruptly . . . (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so" violates the law. *Id.* Meanwhile, Count One charges that:

> On or about January 6, 2021, within the District of Columbia and elsewhere, HENRY PHILLIP MUNTZER, also known as "HANK MUNTZER," attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.
>
> (Obstruction of an Official Proceeding and Aiding and Abetting, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2)

ECF No. 50 (emphasis added). Count One thus tracks the statutory language almost exactly "while also specifying the time and place of the offense," which satisfies the due process requirements of the Constitution and Rule 7. *Williamson*, 903 F.3d at 130 (citing *Hamling*, 418 U.S. at 117). Count One properly (1) contains the elements of the offense, (2) fairly informs Muntzer of the charge against which he must defend, and (3) provides sufficient information to protect him from future prosecutions for the same offense. Nothing more is required. *See, e.g., United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) ("[T]o be sufficient, an indictment need only inform the defendant

of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense.") (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)).

> ### B. *Fischer* held that § 1512(c)(2) "encompasses all forms of obstructive conduct," not only assaultive conduct.

Muntzer interprets *Fischer*, *Robertson*, and *Nordean* as creating a "progression" of cases that "indicate[] that if a defendant does not engage in assaultive conduct and does not act with an intent to obtain an unlawful advantage or benefit either for oneself or for another, he cannot be guilty of violating 18 U.S.C. § 1512(c)(2)." Def.'s Mot. at 9. This is a total misunderstanding or misstatement of the law. Neither *Fischer*, *Robertson*, nor *Nordean* contains any such holding, let alone a binding precedent to that effect.

Rather than helping Muntzer, the D.C. Circuit's recent decision in *Fischer* confirms the sufficiency of the indictment in this case. In *Fischer*, a three-judge panel in the D.C. Circuit addressed three consolidated January 6 cases where Judge Nichols held that § 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" 64 F.4th at 334 (quoting *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022)). Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' [Judge Nichols] dismissed the § 1512(c)(2) counts" in all three cases. *Id.* The government filed interlocutory appeals and the D.C. Circuit reversed, rejecting Judge Nichols' reading of § 1512(c)(2).

The *Fischer* panel held that § 1512(c)(2) contains no requirement that the obstructive acts be done with respect to a document or record and that the alleged actions of the January 6 rioters

in the cases before the panel "fall[] comfortably within the plain meaning" of the statute's prohibition. *Id.* at 335–39. But the *Fischer* panel went further than that, ruling that "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to <u>all forms of corrupt obstruction</u> of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336.

Although the *Fischer* panel splintered in its discussion of the *mens rea* required for a defendant to act "corruptly," *see* 64 F.4th at 351-363 (Walker, J., concurring in part), the portion of the *Fischer* panel opinion concerning the *actus reus* required to violate § 1512(c)(2) was authored by Judge Pan and joined by Judge Walker; it thus constitutes *Fischer*'s binding holding, *see id.* at 336-340; *see also United States v. Brock*, 21-cr-140 (JDB), ECF No. 107 at 6. *Fischer* thus confirms that the indictment in this case is sufficient.

*Fischer* is the only appellate case upon which Muntzer relies, and it does not help him. Muntzer asserts that in *Fischer*, "the Court held that persons involved in assaultive conduct, committed in furtherance of an attempt to stop Congress from performing constitutionally required duty of certifying results of presidential election, could be charged with corruptly obstructing, influencing, or impeding official proceeding under 18 U.S.C.A. § 1512(c)(2)." Def.'s Mot. at 5. While Muntzer's statement is technically true, it is also deeply misleading.

From the D.C. Circuit's reversal of Judge Nichols' dismissal, Muntzer's extrapolates that *Fischer* held that assaultive conduct is <u>required</u> to violate § 1512(c)(2). This is wrong. Muntzer's interpretation and argument suffers from the classic logical fallacy often represented by the axiom "all squares are rectangles, but not all rectangles are squares." Here, although the defendants in *Fischer* allegedly committed assaults against law enforcement officers and the D.C. Circuit held that their conduct satisfied the *actus reus* to violate § 1512(c)(2), the D.C. Circuit did <u>not</u> hold the

converse, that assaultive conduct is <u>required</u> to violate § 1512(c)(2). *See Fischer*, 64 F.4th at 336-340. Instead, the D.C. Circuit held that § 1512(c)(2) applies more broadly to "*all* forms of obstructive conduct[.]" 64 F.4th at 336, 337 (emphasis added).

The *Fischer* court explained that "the meaning of the statute is unambiguous. . . . Under the most natural reading of the statute, § 1512(c)(2) applies *to all forms of corrupt obstruction of an official proceeding*, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at *4 (emphasis added). The court concluded that "[this] broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at *5 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). It is impossible to read the D.C. Circuit's repeated references to § 1512(c)(2)'s prohibition on "all forms" of obstructive acts as somehow limiting the statute's scope to obstructive acts involving assault. To interpret *Fischer* in that manner, as Muntzer does, is to commit the same basic logic error as assuming all rectangles are squares because all squares are rectangles. Muntzer's argument is meritless.

## C.    *Robertson* provides no support for Muntzer's position.

Muntzer's brief summarizes the pending appeal in *United States v. Robertson*, No. 22-3062 (D.C. Cir.), which concerns the *mens rea* required to violate § 1512(c)(2), while also relying on the logic employed by Judge Cooper at the trial level to reject Robertson's arguments that the indictment and evidence were insufficient to establish that he violated § 1512(c)(2).[1] *See* Def.'s

---

[1] Muntzer fails to specify which district court opinion in *Robertson* he relies upon. Judge Cooper issued two opinions rejecting Robertson's arguments with respect to § 1512(c)(2), one in denying Robertson's pre-trial motion to dismiss, *see Robertson*, Case No. 1:21-cr-34 (CRC), ECF No. 63,

Mot. at 5-6. Muntzer acknowledges that "the district court rejected the defense argument that 'corrupt' means 'the intent to obtain an improper advantage for oneself or someone else," *id.* at 8, and states that Judge Cooper instead held that "'corruptly' means 'the defendant must use unlawful means or act with an unlawful purpose or both." *Id.* at 6 (employing quotation marks without citation).

Here, Muntzer asks the Court to employ the same definition of "corruptly" that the defendant sought in *Robertson*, *see id.* at 9, but it is mystifying how Muntzer thinks Judge Cooper's rejection of his position bolsters his argument, or what precedential value Muntzer thinks a pending appeal carries. Robertson did not argue, and Judge Cooper did not rule, that assaultive conduct was required to act corruptly.[2] Indeed, contrary to his position that assaultive conduct is required to violate § 1512(c)(2), Muntzer even acknowledges that Judge Cooper cited to Robertson's non-assaultive conduct to support his holding that Robertson's actions demonstrated corrupt intent. *Id.* at 6; *see also Robertson*, 1:21-cr-34 (CRC), ECF No. 63 at 12 (noting that Robertson was "among the crowd that forced its way into the Capitol" and stated he "attacked the government" and "took . . . the Capitol."); and *Robertson*, 610 F. Supp. 3d at 236 (noting that Robertson brought a gas mask and a wooden stick, was part of a crowd, and stood in the way of officers). Accordingly,

---

and another in denying Robertson's post-trial motion for judgment of acquittal pursuant to Rule 29, *see Robertson*, 610 F. Supp. 3d 229 (D.D.C. 2022).

[2] In his pre-trial motion to dismiss, Robertson argued the obstruction count was "defective for failing to specify the precise official proceeding they are alleged to have obstructed . . . that the Joint Session of Congress to certify the electoral votes of the presidential election was not an "official proceeding" under the statute . . . [and] that the statute is unconstitutionally vague . . . ." *Robertson*, Case No. 1:21-cr-34 (CRC), ECF No. 63 at 4.

*Robertson* does not help Muntzer. The trial court rulings in *Robertson* provide no support for the defendant's position, and the appeal provides none either because it remains pending.

> ### D. *Nordean*'s definition of "corruptly" explicitly includes examples of non-assaultive conduct and thus undermines, rather than supports, Muntzer's contention.

Muntzer approvingly quotes the jury instructions given by Judge Kelly in the trial of the Proud Boys leadership group, *Nordean, et al.*, Case No. 1:21-cr-175 (TJK), stating that this instruction "correctly defines 'corruptly,'" as that term is used in § 1512(c)(2). Def.'s Mot. at 5-6. According to Muntzer, Judge Kelly's § 1512(c)(2) instruction illustrates that "[t]he progression of these cases, from *Fischer* to *Nordean,* indicates that if a defendant does not engage in assaultive conduct and does not act with an intent to obtain an unlawful advantage or benefit either for oneself or for another, he cannot be guilty of violating 18 U.S.C. § 1512(c)(2)." *Id.* at 9. Other than this conclusory statement, however, Muntzer provides no explanation of how Judge Kelly's instruction supports his claim.

Indeed, it is baffling how Muntzer reaches this conclusion. Judge Kelly's instruction, which Muntzer quotes, states that "To act 'corruptly,' the defendant must use independently unlawful means or act with an unlawful purpose, or both." *Id.* at 6 (quoting *Nordean, et al.*, Case No. 1:21-cr-175 (TJK), ECF No. 767 at 31-32). Judge Kelly's instruction does not restrict corrupt action to assaultive conduct. In fact, Judge Kelly's instruction specifically states that while "engaging in violence" is one means by which a defendant could act corruptly, a defendant could also act corruptly by "offering illegal bribes . . . committing fraud, or through other independently unlawful conduct." Although Muntzer quotes this language in his brief, he does not acknowledge it, let alone even attempt to explain how the very instruction he advocates does not eviscerate his position.

**E.  Both the government's evidence of Muntzer's obstructive conduct and Muntzer's benign characterizations of it are irrelevant at this stage.**

Finally, Muntzer asks the Court to dismiss Count One because even accepting for the sake of argument that he committed the acts alleged in the complaint, he "was not involved in the type of conduct exhibited by the defendants in *Fischer*" and thus "cannot be guilty of violating 18 U.S.C. § 1512(c)(2)." Def.'s Mot. at 7, 9. This is wrong for two reasons. First, the complaint is now an irrelevant legal nullity; it has been replaced as the operative charging instrument by the second superseding indictment, ECF No. 50. Second, while the government possesses copious evidence of Muntzer's corrupt actions—such as social media posts where he attempts to stoke fear in members of Congress who would certify what he viewed as a stolen election; communications where he describes his intentions and actions on January 6 as "pulling down the entire system" and "taking the Capitol by storm;" video footage capturing him pushing, repeatedly over the course of 20 minutes, against police officers who were attempting to defend and clear the Capitol; and video capturing him encouraging other rioters to physically confront police—now is not the time to present that evidence to the Court. Nor is it time for the parties to argue about whether the government's evidence of Muntzer's conduct proves a violation of § 1512(c)(2), or for the Court to determine if it finds Muntzer's descriptions of his conduct credible. Those presentations, arguments, and determinations are for the jury at trial.

As discussed above, at the pre-trial motion stage, Rule 12 only allows for dismissal if the defendant establishes a defect in the indictment, not the facts. *See Pope*, 613 F.3d at 1259. Rule 12 does not "authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a full proffer of evidence" or the parties have agreed to a

"stipulated record," *Yakou*, 428 F.3d at 246-47. Neither of those two things has occurred here. In contrast, the facts are contested and must be resolved by the factfinder at trial. *See Pope*, 613 F.3d at 1259. As such, the Court must ignore Muntzer's characterizations of his conduct, *see* Def.'s Mot. at 7, not even review the sufficiency of the evidence, *see McHugh*, 583 F. Supp. 3d at 10, and instead decide the narrow question of whether the indictment, on its face, "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling*, 418 U.S. at 117; *see also Puma*, 2020 WL 823079 at *4; *Bingert*, Case No. 1:21-cr-93 (RCL), ECF 67.

In short, the indictment does what it must. Here, because Count One "uses language tracking the statute and alleges that [Muntzer] 'attempted to, and did, corruptly obstruct, influence, and impede an official proceeding.' . . . That is sufficient." *United States v. Munchel*, Case No. 1:21-cr-118 (RCL), 2023 U.S. Dist. LEXIS 67141, at *15 (D.D.C. April 18, 2023); *see also Williamson*, 903 F.3d at 130 (indictment is sufficient if the charge "echoes the operative statutory text while also specifying the time and place of the offense."). The indictment "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling*, 418 U.S. at 117.

## IV.    Conclusion

For the foregoing reasons, this Court should deny Muntzer's motion to dismiss Count One, ECF No. 64.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:      /s/ *Brian D. Brady*
BRIAN D. BRADY
Trial Attorney, Department of Justice
D.C. Bar No. 1674360
601 D Street, N.W.
Washington, D.C. 20530
(202) 834-1916
Brian.Brady@usdoj.gov

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Senior Trial Counsel, Capitol Siege Section
Assistant United States Attorney, Detailee
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
(813) 274-6370
Michael.Gordon3@usdoj.gov