**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLMBIA**

**UNITED STATES OF AMERICA :**

**v. : Crim, No. 21-cr-105 (JMC)**

**HENRY PHILLIP MUNTZER :**

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS COUNT ONE OF SUPERSEDING INDICTMENT**

Henry Muntzer, through counsel, submits this reply to the government's opposition to dismiss Count One of the Superseding Indictment, which charges Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2).

It is Muntzer's position that unless the government can establish that he engaged in assaultive conduct (as in *Fischer*), or that the defendant acted with the intent to obtain an improper advantage for oneself or someone else (as argued in *Robertson*), or that the defendant obstructed or impeded a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, for example, by acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person (as the jury was instructed in *Nordean*), Muntzer cannot be guilty of violating 18 U.S.C. § 1512(c)(2).

As set out in the criminal complaint, the defendant did not engage in any of the conduct that is described in the cases addressed above. Moreover, in its response, the government fails to cite any alleged conduct on Mr. Muntzer's part

that went beyond the acts set forth in the criminal complaint. The defense submits that this Court can take that information, or lack thereof, into account when ruling on this motion.

Moreover, other judges in this district have determined that the government carries a heavy burden in its attempt to charge and convict an offense under § 1512(c)(2), for instance:

> "It is also incorrect to suggest that there is no meaningful difference, for example, between someone who stands 'on top of [a] chair' at a congressional hearing, shouts 'in the direction of the hearing committee members," and is ultimately carried "out of the committee hearing room while he continue[s] his demonstration,' Gov't Sentencing Memo. at 2, *United States v. Barry*, No. 18-mj-111 (D.D.C. Oct. 11, 2019) (Dkt. 34), and someone who breaches the Capitol with a corrupt purpose of preventing or delaying the certification of the electoral vote for President and Vice President of the United States, *see* Dkt. 60 at 43–45. It is one thing to prove that someone knowingly paraded in a congressional building, 40 U.S.C. § 5104(e)(2)(F), or engaged in disorderly or disruptive conduct, *id.* § 5104(e)(2)(D), and quite another thing to prove that someone corruptly obstructed an official proceeding, 18 U.S.C. § 1512(c)(2). Among other things, to obtain a conviction on the latter charges, the government must prove beyond a reasonable doubt that the natural and probable effect of the defendant's actions were to obstruct the official proceeding; that he knew that his actions were likely to obstruct that proceeding; and that he acted with the wrongful or improper purpose of delaying or stopping the official proceeding. That is a heavy burden, …"

*United States v. Montgomery*, 578 F. Supp. 3d 54, 85 (D.D.C. 2021).

In another case, the Court found that allegations in the superseding indictment were sufficient to allow the case to move forward. In *United States v. Sandlin*, 575 F. Supp. 3d 16, 33–34 (D.D.C. 2021), Crim. No. 21-cr-88, the court cited the Superseding Indictment at DKT 46: "On January 6, shortly before the

Capitol attack, the defendants recorded a livestream video in which Sandlin said that 'freedom is paid for with blood' and "there is going to be violence." *Id.* ¶ 24. He 'urge[d] other patriots' to 'take the Capitol.' *Id.* He also said that 'we are going to be there back by one o'clock when it is action time[;] it is game time.' *Id.* ¶ 25. As Sandlin and DeGrave approached the Capitol, wearing protective gear and carrying two knives, they recorded another video discussing and encouraging the breach of the Capitol building. *Id.* ¶¶ 26–27." The court held, "Because the indictment alleges that the defendants used obvious criminal means with the intent to obstruct an official proceeding, their conduct falls squarely within the core coverage of 'corruptly' as used in § 1512(c)(2). *See Edwards*, 869 F.3d at 502 ('While the corrupt-persuasion element might raise vagueness questions at the margins, the wrongdoing alleged here falls comfortably within the ambit of the statute')." *United States v. Sandlin*, 575 F. Supp. 3d at 33–34 (D.D.C. 2021)

In this case, the indictment cites no specifics of the alleged criminal behavior that would rise to behavior that would satisfy the elements of § 1512(c)(2). The criminal complaint alleged, "Based on tips the FBI has received and information I have reviewed, I estimate that between 2:00 p.m., and no later than 4:00 p.m., Henry Phillip Muntzer, also known as Hank Muntzer, entered the United States Capitol without authorization to do so." Nothing more and nothing less.

In this case, the government carries a heavy burden. Despite this, it fails to state a single fact that would satisfy the requirement that Muntzer acted "corruptly."

## CONCLUSION

For the reasons stated herein and in the defendant's opening motion, Mr. Muntzer respectfully requests that this Honorable Court dismiss Count One of the Superseding Indictment.

Respectfully submitted,

__________/s/_________________
Christopher M. Davis #385582
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

*Counsel for Henry Phillip Muntzer*

CERTIFICATE OF SERVICE

I hereby certify that this motion was served upon all counsel of record via the Court's CM/ECF System on this 25th day of September 2023.

__________/s/_______________
Christopher M. Davis