UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Crim, No. 21-cr-105 (JMC) |
| HENRY PHILLIP MUNTZER | : | |

SUPPLEMENT TO MOTION TO DISMISS COUNT ONE
OF SUPERSEDING INDICTMENT

Henry Muntzer, through counsel, supplements his motion to dismiss Count One of the Superseding Indictment, which charges Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2). In support he states the following.

I. Section 1512(c)(2) Applies only to Evidence Impairment[1]

At least two federal courts of appeal have limited Section 1512(c)(2) to instances of "corporate document-shredding to hide evidence of financial wrongdoing". *Yates*, 574 U.S. at 535-36; *see, e.g.*, *United States v. Sutherland*, 921 F.3d 421, 427 (4th Cir. 2019) (prosecuting based on false loan documents); *United States v. Gordon*, 710 F.3d 1124, 1148-49 (10th Cir. 2013) (backdating agreement purporting to memorialize a sale of stock that never took place). And this is how the district court viewed Section 1512(c)(2) in Mr. Fischer's case. *See Miller*, 589 F. Supp. 3d 76-78.

---

[1] This argument is derived in large part from Joseph Fischer's Petition for Certiorari in Supreme Court Case No. 23-5572.

Correspondingly, the historical definition of an "official proceeding" derives from Sections 1503 and 1505 as involving investigations and evidence. See U.S. Dep't of Just. Crim. Res. Manual § 730 (1997); *United States v. Perez*, 575 F.3d 164, 169 (2d Cir. 2009)).

Four other federal circuits have given a more expansive scope to Section 1512(c)(2). But they have uniformly limited the statute's reach to crimes of evidence impairment. *See, e.g.*, *United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009) (making false statements "directly to the grand jury itself" sufficient to satisfy Section 1512(c)(2)); *United States v. Burge*, 711 F.3d 803, 809 (7th Cir. 2013) (false responses to interrogatories that were filed in the official proceeding sufficient to satisfy Section 1512(c)(2)); *United States v. Volpendesto*, 746 F.3d 273, 286 (7th Cir. 2014) (soliciting information from corrupt cops in order to evade surveillance constituted evidence sufficient for jury to find efforts were "out of desire to influence what evidence came before the grand jury"); *United States v. Petruk*, 781 F.3d 438, 447 (8th Cir. 2015) (seeking to obtain a false statement to be used in pending federal charges sufficient to satisfy Section 1512(c)(2)); and *United States v. Phillips*, 583 F.3d 1261, 1265 (10th Cir. 2009) (disclosing identity of undercover agent to subject of grand jury drug investigation evidence sufficient to find purpose was to thwart evidence from reaching the investigation).

It was argued in Fisher's Petition for Certiorari that district court criticized the Seventh and Eighth Circuit opinions in *Burge* and *Petruk* for basing their holdings on a misreading of this Court's opinion in *Aguilar*. *See Miller*, 589 F. Supp.

3d at 69 & n.7. The district court then noted that the Seventh Circuit's later decision in *Volpendesto* did not involve a prosecution under Section 1512(c)(2). *See id*. at 69 n.7. The D.C. Circuit's lead opinion, however, relies on *Petruk, Burge*, and *Volpendesto* without acknowledging the district court's criticism.

Until the January 6 prosecutions, the government similarly viewed Section 1512(c) as confined to acts of evidence impairment. *See* generally Memorandum from Deputy Att'y Gen. Rod Rosenstein & Ass't Att'y General Steven Engle to Att'y Gen. William P. Barr (June 8, 2018). The D.C. Circuit's expansion of Section 1512(c)(2) beyond evidence impairment to protests at the seat of government thus conflicts with the interpretations of other courts of appeal limiting the scope of the same statute.

## CONCLUSION

For all the above noted reasons and those raised in Defendant's Motion to Dismiss Count One of the Superseding Indictment ( ECF # 64) this Honorable Court should dismiss Count Two of the Indictment for failure to state an offense.

                                      Respectfully submitted,

                                      _____/s/_____
                                      Christopher M. Davis #385582
                                      Davis & Davis
                                      1350 Connecticut Avenue, NW
                                      Suite 202
                                      Washington, DC 20036
                                      202.234.7300

                                      *Counsel for Henry Phillip Muntzer*

## **CERTIFICATE OF SERVICE**

     I hereby certify that this motion was served upon all counsel of record via the Court's CM/ECF System on this 28th day of December 2023.

                                          _____/s/_____
                                          Christopher M. Davis