**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No.: 1:21-cr-105 (JMC)** |
| **v.** | : | |
| **HENRY PHILLIP MUNTZER,** | : | |
| **Defendant.** | : | |

**GOVERNMENT RESPONSE IN OPPOSITION TO DEFENDANT'S SUPPLEMENT TO MOTION TO DISMISS COUNT ONE**

The defendant, Henry Muntzer, moved to dismiss Count One of the superseding indictment, which charges him with violating 18 U.S.C. §§ 1512(c)(2) and 2 (obstruction of an official proceeding and aiding and abetting) ("Section 1512(c)(2)"). ECF No. 64. He now moves to supplement this motion, ECF No. 69 ("Def's. Mot."), arguing that he cannot be properly indicted under Section 1512(c)(2) because he did not engage in acts of "evidence impairment." *Id.* at 1. Because this interpretation of Section 1512(c)(2) has been rejected by the D.C. Circuit, the Court should deny Muntzer's motion.

## I. Procedural History

On January 18, 2023, a grand jury charged Muntzer by superseding indictment with two felonies and four misdemeanors related to his actions at the U.S. Capitol on January 6, 2021: Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count Two); Entering and Remaining in a Restricted Building or Ground, in violation of 18 U.S.C. § 1752(a)(1) (Count Three); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)

(Count Four); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Five); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Six). ECF No. 50.

On September 4, 2023, Muntzer filed his initial motion to dismiss Count One. ECF No. 64. Muntzer filed the instant supplement to that motion on December 28, 2023. *See* Def.'s Mot. Trial is scheduled to begin on February 5, 2024. (*See* 7/24/23 Minute Entry).

## II. Legal Standard

Federal Rule of Criminal Procedure 7(c)(1) states, in relevant part, that "[t]he indictment … must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient under the Constitution and Rule 7 if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). This may be accomplished by "echo[ing] the operative statutory text while also specifying the time and place of the offense," *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976). As such, "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). "An indictment must be viewed as a whole and the allegations must be accepted as true in determining if an offense has been properly alleged." *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). The operative

question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.*

**III. Argument**

Muntzer asserts that Section 1512(c)(2) is not applicable to his conduct because he did not engage in any acts of "evidence impairment." *See generally* Def.'s Mot. As Muntzer acknowledges (Def.'s Mot. at 1 n.1), his brief echoes—nearly verbatim—arguments presented in the Petition for Certiorari seeking Supreme Court review of the D.C. Circuit's decision in *United States v. Fischer*, 64, F.4th 329 (D.C. Cir. 2023), *cert granted* 23-5572. The Supreme Court's decision to grant certiorari on this issue does not, however, change the fact that the D.C. Circuit's decision in *Fischer* is currently the governing law of this Circuit. *Fischer* held that Section 1512(c)(2) "encompasses all forms of obstructive conduct" and expressly rejected any attempt to limit the statute to instances of "evidence impairment". *See* 64 F. 4th at 336–340. Muntzer's argument therefore lacks merit, and the motion should be denied.

As the government explained in its response to Muntzer's initial Motion to Dismiss Count One, ECF No. 65, the D.C. Circuit's decision in *Fischer* confirms the sufficiency of the indictment in this case. In *Fischer*, a three-judge panel in the D.C. Circuit addressed three consolidated January 6 cases where Judge Nichols held that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" 64 F.4th at 334 (quoting *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022)). Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' [Judge Nichols] dismissed the § 1512(c)(2) counts" in all three

cases. *Id.* The government filed interlocutory appeals and the D.C. Circuit reversed, rejecting Judge Nichols' reading of Section 1512(c)(2).

The *Fischer* panel held that Section 1512(c)(2) contains no requirement that the obstructive acts be done with respect to a document or record and that the alleged actions of the January 6 rioters in the cases before the panel "fall[] comfortably within the plain meaning" of the statute's prohibition. *Id.* at 350. But the *Fischer* panel went further than that, ruling that "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to *all forms of corrupt obstruction* of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (emphasis added).

Although the *Fischer* panel splintered in its discussion of the *mens rea* required for a defendant to act "corruptly," *see* 64 F.4th at 351-363 (Walker, J., concurring in part), the portion of the *Fischer* panel opinion concerning the *actus reus* required to violate Section 1512(c)(2) was authored by Judge Pan and joined by Judge Walker; it thus constitutes *Fischer*'s binding holding, *see id.* at 336-340; *see also United States v. Brock*, 21-cr-140 (JDB), ECF No. 107 at 6. *Fischer* thus confirms that the indictment in this case is sufficient.

The *Fischer* court explained that "the meaning of the statute is unambiguous. . . . Under the most natural reading of the statute, § 1512(c)(2) applies *to all forms of corrupt obstruction of an official proceeding*, other than the conduct that is already covered by § 1512(c)(1)." *Fischer*, 64 F.4th at 336 (emphasis added). The court concluded that "[this] broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at 337 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).

Moreover, after considering the same cases Muntzer cites as having "uniformly limited [Section 1512(c)(2)]'s reach to crimes of evidence impairment," Def's. Mot. at 2, the *Fischer* panel found that "[w]hile the cited cases happen to address behavior that impaired evidence, none of them suggests that [Section 1512(c)(2)] is limited to such conduct." *Id*. So long as *Fischer* remains the governing law of this Circuit, Muntzer's argument is meritless.[1]

**IV. Conclusion**

For the foregoing reasons and those including in the government's original response, ECF No. 65, this Court should deny Muntzer's supplemental motion to dismiss Count One, ECF No. 69.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

---

[1] Even were the Court to consider Muntzer's argument anew, it should reject it. Muntzer claims that several courts of appeals have limited Section 1512(c)(2) to evidence impairment. As explained in the government's opposition to Fischer's petition for a writ of certiorari, Case Nos, Nos. 23-32, 23-94, 23-5572, 2023 WL 7164427 at *18-*20, that is incorrect. In the decisions Muntzer cites, courts upheld prosecutions involving evidence impairment, but they did not limit prosecutions under Section 1512(c)(2) to only such acts. *See, e.g., United States v. Sutherland*, 921 F.3d 421 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 1106 (2020) (upholding conviction for obstructing grand jury investigation where defendant created and distributed false financial documents).

By: /s/ *Brian D. Brady*
BRIAN D. BRADY
Trial Attorney, Department of Justice
D.C. Bar No. 1674360
601 D Street, N.W.
Washington, D.C. 20530
Brian.Brady@usdoj.gov
(202) 834-1916

*/s/ Sean J. Brennan_*
SEAN J. BRENNAN
Assistant United States Attorney
NY Bar No. 5954128
601 D Street NW
Washington, DC 20530
sean.brennan@usdoj.gov
(202) 252-7125