UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| v. | : 21 cr 0105 JMC |
| **HENRY P. MUNTZER** | : |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

The defendant, by and through counsel, respectfully submits this memorandum in aid of sentencing. He respectfully requests that he be sentenced to a term imprisonment in the range of 6 – 12 months for the reasons outlined below.

**PROCEDURAL BACKGROUND**

1. On January 18, 2023, a federal grand jury in the District of Columbia returned a six-count Superseding Indictment charging defendant Henry Phillip Muntzer, also known as "Hank Muntzer" with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 USC §§ 1512(c)(2) and 2 (Count 1); Civil Disorder, in violation of 18 USC § 231(a)(3) (Count 2); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 USC § 1752(a)(1) (Count 3); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 USC § 1752(a)(2) (Count 4); Disorderly Conduct in a Capitol Building, in violation of 40 USC § 5104(e)(2)(D) (Count 5); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 USC § 5104(e)(2)(G) (Count 6).

2. On February 7, 2024, after a two-day bench trial, the defendant was found guilty of all counts of the Superseding Indictment.

## MATERIAL ERRORS IN PSR

3. There are material errors in the Presentence Report (PSR):

**Page 3** Defendant is unaware of any alias DOB**.** This was obviously an error when entered into the NCIC system. It makes little sense to perpetuate the error.

**Page 8 ¶ 26** Defendant disputes the narrative described in this paragraph. He states he was trying to exit the building and had his head down to avoid getting pepper spray in his eyes. He states, consistent with his testimony, that he was being pushed forward by the crowd. He did not see any officer being pushed down the stairs.

**Page 8 ¶ 27** defendant describes his conduct as passive resistance combined with being pushed forward by the crowd. He states he did not intentionally push forward at any time.

**Page 8 ¶ 28** Defendant was in a group if people being push back and forth. His group was one of the last to exit the Rotunda.

**Page 9 ¶ 30 (a) and (b)** Defendant does not believe the information in (a) and (b) is false.

**Page 12 ¶ 59** Defendant should not receive a 3-point increase because the offense involved physical contact. Defendant was assaulted by a police office in the Rotunda (hit with a club from behind) and physical contact resulted from the crowd pushing him forward or the officers pushing him back. In other words, he did not initiate any physical contact.

**Page 12 ¶ 55 & 62** Defendant should not assessed 2-points for Obstruction of Justice. USSG ¶ 3C1.1 comment (n.4). He did not testify falsely, rather, he testified to what he remembered. He is a simple man from a rural community.

**Page 13 ¶ 70** Defendant engaged in no "use of violence or credible threats of violence."  He should receive a 2-point reduction for being a zero-point Offender. USSG § 4C1.1.

**Page 14 ¶ 83** Defendant states he did not close his appliance business due to his wife's credit card debt.

**Page 15 ¶ 84** Second sentence. His daughter's name is Marie, not Maria. He is only estranged from his daughter Jasmine, who has many different problems. The report four lines up says Emily and Samantha, but he is on good terms with them.

**Page 17 ¶ 98**. The defendant did not close his business due to his wife's credit card debt. The strain of the case with potential incarceration led to the business closure.

2

**Page 17 ¶ 103** Defendant owns Atlantic Street property, but it is heavily mortgaged. The Cave Gul Road property never had a clear title but is now owned by his son and another person.

**Page 23, ¶ 150** The defendant did not force himself into the Capitol, he entered through an open door; he did not break any windows, he did not damage any property, nor did he assault any law enforcement officers. In sum, he did not "actually cause" any damage. He therefore is not liable for the damage alleged in this paragraph. See *United States v. Jabr*, 4 F.4th 97, 105 (D.C. Cir. 2021) (18 U.S.C. § 3663 compensate[s] victims only for losses caused by the conduct underlying the offense of conviction."); see also *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012) (defendant not required "to pay restitution for harm he did not cause")."

**Page 25 ¶156** The JSIN number is unreliable due to recent changes in how the 18 USC 1512 (c) (2) is scored.

## RESTITUTION IS NOT APPROPRIATE

4. "Federal courts do not have inherent authority to order restitution and may do so "solely pursuant to statute." *United States v. Anderson*, 545 F.3d 1072, 1077 (D.C. Cir. 2008); *United States v. Fair*, 699 F.3d 508, 512 (D.C. Cir. 2012). None of the misdemeanor offenses of which Mr. Muntzer stands convicted are listed in 18 U.S.C. § 3663(a)(1)(A) or 3663A(c)(1), which authorizes the court to order restitution if the defendant violates one of the listed statutes. *Id*.

5. In addition, Muntzer did not force himself into the Capitol, he entered through an open door; he did not break any windows, did not damage any property, and did not assault any law enforcement officers. In sum, he did not "actually cause" any of the alleged damages. He therefore is not liable for the damages alleged in the PSR at page 23, ¶ 150. See *United States v. Jabr*, 4 F.4th 97, 105 (D.C. Cir. 2021) (18 U.S.C. § 3663 "compensate[s] victims only for losses caused by the conduct underlying the offense of conviction."); see also *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012) (defendant not required "to pay restitution for harm he did not cause")."

3

## GUIDELINES ARE NOT MADATORY

6. The Court has broad discretion to consider every aspect of a particular case, and a particular defendant, in fashioning an appropriate sentence. *United States v. Booker*, 543 U.S. 220 (2005*); Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007). Although the Court must first calculate the appropriate sentencing range under the Guidelines, it is not bound by the Guidelines or Guidelines Policy Statements. The Court may make its own policy judgments, even if different from those in the Guidelines. *Kimbrough*, 552 U.S. at 101. The Court must impose a sentence consistent with the terms of 18 U.S.C. § 3553(a) and § 3661.

## SENTENCING FACTORS

7. The core requirement of 18 U.S.C. §3553(a) is that the court impose "a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a), which provides no order of priority among the factors. The factors outlined in § 3553(a) are as follows:

• The nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1);

• the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A);

• the need for the sentence imposed "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);

• the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2) (C);

4

• the need for the sentence imposed "to *provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,*" 18 U.S.C. § 3552(a)(2)(D) (emphasis added);

• the kinds of available sentences available, 18 U.S.C. § 3553(a)(3);

• the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);

• "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6);

• "the need to provide restitution to any victims of the offenses," 18 U.S.C. § 3553(a)(7).

## SENTENCE IN RANGE OF 6 - 12 MONTHS WARRANTED

**The Offense**

8. Mr. Muntzer is a passionate man who became embroiled in conspiracy theories and conservative politics. However, he has no history of being a political activist. He came to Washington, DC on January 6, 2021, to show his support for the former president. As with many who came to Washington that day, he succumbed to what he believed was the role of a "patriot." He honestly believed that the 2020 election had been stolen and that he should be a part of history by voicing his objection to what he perceived to be an injustice. He believed that he had the support of the former president and fully expected the perceived wrong was going to be corrected. He was wrong.

9. Mr. Muntzer arrived with every intention of peacefully making his voice

5

heard. He laid hands on no one, even after being assaulted himself. He overstayed his welcome in the U.S. Capitol, not realizing that he was not welcome in the first place. For these actions, he is now a convicted felon and faces incarceration. Though many may find his beliefs and opinions offensive, his actions speak louder than his words. And at the end of the day, he is not a violent or dangerous man. And his motive that day, though misguided, was not malicious.

**Mr. Muntzer's Personal Background**

10. Mr. Muntzer has no criminal history. He is an uneducated appliance repair man who became overwhelmed by conspiracy theories disseminated on the internet. As with many of the other January 6 defendants, he spent his evenings in his mobile home, in rural Montana, perusing the internet with his cell phone. And at some point, he became a victim of numerous conspiracy theories that were being fed to him over the internet by a number of very clever people, who were uniquely equipped with slight, if any, moral or social consciousness. He was consumed with what he was reading and began to lead an online, almost *Walter Mitty* type of existence, as a champion of far-right politics.

11. Mr. Muntzer would ask the Court to recognize his true character. He is a kind and compassionate person.

**A Sentence in the Range of 6- 12 months Provides Just Punishment**

12. A term of imprisonment in the range of 6 – 12 months is sufficient to promote respect for the law, provide adequate deterrence, and to protect the public.

**Sentencing Disparities**

13. Most of the sentenced January 6 cases predate the Circuit's opinion finding

that a "substantial interference with the administration of justice" enhancement outlined in U.S.S.G. § 2J1.2(b)(2), did not apply to 18 USC 1512 (c)(2) convictions. *United States v. Brock*, 94 F.4th 39 (D.C. Cir. 2024). Consequently, the JSIN calculation found at Page 25 ¶156 of the PSR is skewed and is not reliable.

## FISCHER ISSUE

14. The Supreme Court is expected to soon rule on the issue of the propriety of charging 18 USC 1512 (c) (2) in January 6 cases. *Fischer v. United States*, cert. granted, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). In the event the case is resolved in Mr. Muntzer's favor, his base offense level will be reduced to level 10 before enhancements and a level 15 after enhancements. Muntzer opposes the enhancements detailed at page 12, ¶¶ 59 & 62 of the PSR. Mr. Munster moves this Court to impose a variance and find an initial base offense level of 10 with a resulting guideline range of 6 – 12 months.[1]

15. Mr. Muntzer urges this Court to grant him a variance for all the reasons outlined in this memorandum and for any such reason identified during his sentencing hearing.

## CONCLUSION

16. Mr. Muntzer submits that a sentence in the range of 6 - 12 months is a *"sentence sufficient, but not greater than necessary"* to comply with the objects of sentencing set forth in 18 U.S.C. § 3553(a).

---

[1] Defendant engaged in no "use of violence or credible threats of violence." He should also receive a 2-point reduction for being a zero-point Offender. USSG § 4C1.1.

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582
Counsel for Henry P. Muntzer
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this motion on the United States via the Court's CM/ECF System on this 5th day of June 2024.

_____/s/_____
Christopher M. Davis