**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | Case No. 21-cr-105 (JMC) |
| : | |
| **HENRY PHILLIP MUNTZER,** : | |
| also known as "Hank Muntzer" : | |
| : | |
| **Defendant.** : | |
| : | |

## UNITED STATES' UNOPPOSED MOTION TO DISMISS COUNT ONE

The United States of America hereby moves pursuant to Federal Rule of Criminal Procedure 48(a) to voluntarily dismiss with prejudice Count One of the Superseding Indictment, ECF No. 50, which charges the defendant, Henry Muntzer, with obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. Counsel for Mr. Muntzer has indicated that he does not oppose the government's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2021, Muntzer joined the mob that attacked the Capitol. After entering the Capitol building through the Upper West Terrace Door, he joined multiple collective efforts to push against police lines, both in the Rotunda and outside the Old Senate Chamber.

In January 2023, a grand jury charged Muntzer by superseding indictment with two felonies and four misdemeanors related to his actions at the U.S. Capitol on January 6, 2021: Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count Two); Entering and Remaining in a Restricted Building or Ground, in violation of 18 U.S.C. § 1752(a)(1) (Count Three); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)

(Count Four); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Five); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Six). ECF No. 50. Muntzer moved to dismiss Count One, ECF No. 64, and this Court denied the motion. *See* Jan. 18, 2024, Minute Entry.

In February 2024, this case proceeded to trial. After a bench trial, this Court found Muntzer guilty of all six counts of the superseding indictment on February 7, 2024. ECF No. 80. The case was initially set for sentencing on June 20, but this Court later vacated that hearing and ordered the parties, no later than fourteen days after the Supreme Court issued its opinion in *Fischer v. United States*, 144 S. Ct. 2176 (2024), to submit a joint status report proposing dates for sentencing and any other proposals for further proceedings that might be necessary. *See* Jun. 17, 2024, Minute Order. Upon a motion from the parties, the Court extended the deadline for this joint status report to August 8, 2024. *See* Jul. 9, 2024, Minute Order.

On June 28, 2024, the Supreme Court issued an opinion in *Fischer v. United States*, 144 S. Ct. 2176, 2181 (2024). *Fischer* held that Section 1512(c) does not cover "*all* means of obstructing, influencing, or impeding any official proceeding." *Id.* at 2185. The Court held that, to prove a violation of Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding—such as witness testimony or intangible information—or attempted to do so. *Id.* at 2186, 2190. The Supreme Court remanded the cases to the D.C. Circuit for further proceedings to assess the sufficiency of the indictment on that count. *Id.* at 2190.

2

## DISCUSSION

Federal Rule of Criminal Procedure 48(a) permits the Government, "with leave of court," to "dismiss an indictment, information or complaint." Fed. R. Crim. P. 48(a). Although the rule is written in terms of the entire charging document (*i.e.*, "indictment," "information," and "complaint"), it also applies to individual counts. *See, e.g., Thomas v. United States*, 398 F.2d 531, 537 (5th Cir. 1967) ("The right of the prosecution to move for and the court to grant dismissal of an Indictment or separate counts thereof is a hornbook principle."). It is also settled that the government may move to dismiss a count under Rule 48(a) even after the charge at issue has resulted in a finding of guilt, *see, e.g., United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009)—whether "because of a guilty plea," *id.*, or because of a guilty verdict at trial. *See, e.g., United States v. Williams*, 720 F.35 674, 702 (8th Cir. 2013); *cf. United States v. Smith*, 467 F.3d 785, 786–789 (D.C. Cir. 2006) (holding that district courts have jurisdiction to entertain unopposed Rule 48 motions even after a conviction becomes final, without ruling on the merits of Rule 48's scope).

In this case, this Court found Muntzer guilty of six offenses—two felonies and four misdemeanors—six months ago, in February 2024. In light of the Supreme Court's recent decision in *Fischer*, however, additional litigation would be needed to determine the impact of *Fischer* on Muntzer's conviction on Count one. In the interest of efficiently proceeding toward sentencing on Muntzer's other counts of conviction, the government is moving voluntarily to dismiss Count One.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Court dismiss Count One with prejudice.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:    /s/ *Brian D. Brady*
        BRIAN D. BRADY
        Trial Attorney, Department of Justice
        D.C. Bar No. 1674360
        601 D Street, N.W.
        Washington, D.C. 20530
        Brian.Brady@usdoj.gov
        (202) 834-1916


        */s/ Sean J. Brennan*
        SEAN J. BRENNAN
        Assistant United States Attorney
        NY Bar No. 5954128
        601 D Street NW
        Washington, DC 20530
        sean.brennan@usdoj.gov
        (202) 252-7125