UNITED STATES DISTRICT **COURT**
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| v. | : 21 cr 0105 JMC |
| **HENRY P. MUNTZER** | : |

**DEFENDANT'S REVISED MEMORANDUM IN AID OF SENTENCING**

The defendant, by and through counsel, respectfully submits this revised memorandum in aid of sentencing. He respectfully requests that he be sentenced to a term imprisonment of 10 months for the reasons outlined below.

**PROCEDURAL BACKGROUND**

1. On January 18, 2023, a federal grand jury in the District of Columbia returned a six-count Superseding Indictment charging defendant Henry Phillip Muntzer, also known as "Hank Muntzer" with violations of 18 USC §§ 1512(c)(2) (Count 1); Civil Disorder, in violation of 18 USC § 231(a)(3) (Count 2); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 USC § 1752(a)(1) (Count 3); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 USC § 1752(a)(2) (Count 4); Disorderly Conduct in a Capitol Building, in violation of 40 USC § 5104(e)(2)(D) (Count 5); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 USC § 5104(e)(2)(G) (Count 6).

2. On February 7, 2024, after a two-day bench trial, the defendant was found guilty of all counts of the Superseding Indictment. On June 28, 2024, the Supreme Court issued an opinion in *Fischer v. United States*, 144 S. Ct. 2176, 2181 (2024).

1

Fischer held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Id. at 2185. The United States dismissed count one shortly after the *Fischer* decision and a revised PSR was prepared.

## MATERIAL ERRORS IN PSR

3. There are material errors in the Presentence Report (PSR):

**Page 3** Defendant is unaware of any alias DOB**.** This was obviously an error when entered into the NCIC system. It makes little sense to perpetuate the error.

**Page 8 ¶ 26** Defendant disputes the narrative described in this paragraph. He states he was trying to exit the building and had his head down to avoid getting pepper spray in his eyes. He states, consistent with his testimony, that the crowd was forward pushing him. He did not see any officer being pushed down the stairs.

**Page 8 ¶ 27** defendant describes his conduct as passive resistance combined with being pushed forward by the crowd. He states he did not intentionally push forward at any time.

**Page 8 ¶ 28** Defendant was in a group of people being pushed back and forth. His group was one of the last to exit the Rotunda.

**Page 9 ¶ 30 (a) and (b)** Defendant does not believe the information in (a) and (b) is false.

**Page 12 ¶ 59** Defendant should not receive a 3-point increase because the offense involved physical contact. Defendant was assaulted by a police office in the Rotunda (hit with a club from behind) and physical contact resulted from the crowd pushing him forward or the officers pushing him back. In other words, he did not initiate any physical contact.

**Page 12 ¶ 55 & 62** Defendant should not assessed 2-points for Obstruction of Justice. USSG ¶ 3C1.1 comment (n.4). He did not testify falsely, rather, he testified to what he remembered. He is a simple man from a rural community.

**Page 13 ¶ 70** Defendant engaged in no "use of violence or credible threats of violence."  He should receive a 2-point reduction for being a zero-point Offender. USSG § 4C1.1.

**Page 15 ¶ 84** Second sentence. His daughter's name is Marie, not Maria. He is only estranged from his daughter Jasmine, who has many different problems. The report four lines up says Emily and Samantha, but he is on good terms with them.

2

**Page 23, ¶ 150**   The defendant did not force himself into the Capitol, he entered through an open door; he did not break any windows, he did not damage any property, nor did he assault any law enforcement officers. In sum, he did not "actually cause" any damage. He therefore is not liable for the damage alleged in this paragraph. See *United States v. Jabr*, 4 F.4th 97, 105 (D.C. Cir. 2021) (18 U.S.C. § 3663 compensate[s] victims only for losses caused by the conduct underlying the offense of conviction."); see also *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012) (defendant not required "to pay restitution for harm he did not cause")."

4. Muntzer opposes the enhancements detailed at page 12, ¶¶ 55, 59, & 62 of the PSR. Mr. Munster moves this Court to impose a variance and sentence him to 10 months.[1] Removing the enhancements to the defendant's guideline calculation results in a guideline range of 10–16 months (Base Offense level of 12).[2]

**<u>Restitution not Warranted.</u>**

5. "Federal courts do not have inherent authority to order restitution and may do so "solely pursuant to statute." *United States v. Anderson*, 545 F.3d 1072, 1077 (D.C. Cir. 2008); *United States v. Fair*, 699 F.3d 508, 512 (D.C. Cir. 2012). None of the misdemeanor offenses of which Mr. Muntzer stands convicted are listed in 18 U.S.C. § 3663(a)(1)(A) or 3663A(c)(1), which authorizes the court to order restitution if the defendant violates one of the listed statutes. *Id*.

6. In addition, Muntzer did not force himself into the Capitol, he entered through an open door; he did not break any windows, did not damage any property, and did not assault any law enforcement officers. In sum, he did not "actually cause"

---

[1] Defendant engaged in no "use of violence or credible threats of violence." He should also receive a 2-point reduction for being a zero-point Offender. USSG § 4C1.1. This would result in a base offense level of 10, and a guideline range of 6-12 months.

[2] Defendant engaged in no "use of violence or credible threats of violence." He should receive a 2-point reduction for being a zero-point Offender. USSG § 4C1.1. This would result in a base offense level of 10, and a guideline range of 6-12 months. Calculation of Muntzer's JSIN number results in an average of 10 months imprisonment. PSR at page 25 ¶156.

any of the alleged damages. He therefore is not liable for the damages alleged in the PSR at page 23, ¶ 150. See *United States v. Jabr*, 4 F.4th 97, 105 (D.C. Cir. 2021) (18 U.S.C. § 3663 "compensate[s] victims only for losses caused by the conduct underlying the offense of conviction."); see also *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012) (defendant not required "to pay restitution for harm he did not cause")."

**<u>Fine not Warranted.</u>**

7. The defendant is financially unable to pay a fine. Both the original and amended PSR determined this after an extensive financial investigation. PSR page 20, ¶ 109.

## GUIDELINES ARE NOT MADATORY

8. The Court has broad discretion to consider every aspect of a particular case, and a particular defendant, in fashioning an appropriate sentence. *United States v. Booker*, 543 U.S. 220 (2005*); Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007). Although the Court must first calculate the appropriate sentencing range under the Guidelines, it is not bound by the Guidelines or Guidelines Policy Statements. The Court may make its own policy judgments, even if different from those in the Guidelines. *Kimbrough*, 552 U.S. at 101. The Court must impose a sentence consistent with the terms of 18 U.S.C. § 3553(a) and § 3661.

## SENTENCING FACTORS

9. The core requirement of 18 U.S.C. §3553(a) is that the court impose "a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a), which provides no order of priority among the factors. The factors outlined in § 3553(a) are as follows:

- The nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1);

- the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A);

- the need for the sentence imposed "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);

- the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2) (C);

- the need for the sentence imposed "to *provide the defendant with needed* educational or vocational training, *medical care*, or other correctional treatment in the most effective manner," 18 U.S.C. § 3552(a)(2)(D) (emphasis added);

- the kinds of available sentences available, 18 U.S.C. § 3553(a)(3);

- the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);

- "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6);

- "the need to provide restitution to any victims of the offenses," 18 U.S.C. § 3553(a)(7).

## SENTENCE OF 10 MONTHS WARRANTED.

**The Offense**

10. Mr. Muntzer is a passionate man who became embroiled in conspiracy

5

theories and conservative politics. However, he has no history of being a political activist. He came to Washington, DC on January 6, 2021, to show his support for the former president. As with many who came to Washington that day, he succumbed to what he believed was the role of a "patriot." He honestly believed that the 2020 election had been stolen and that he should be a part of history by voicing his objection to what he perceived to be an injustice. He believed that he had the support of the former president and fully expected the perceived wrong was going to be corrected. He was wrong.

11. Mr. Muntzer arrived with every intention of peacefully making his voice heard. He laid hands on no one, even after being assaulted himself. He overstayed his welcome in the U.S. Capitol, not realizing that he was not welcome in the first place. For these actions, he is now a convicted felon and faces incarceration. Though many may find his beliefs and opinions offensive, his actions speak louder than his words. And at the end of the day, he is not a violent or dangerous man. And his motive that day, though misguided, was not malicious.

**Mr. Muntzer's Personal Background**

12. Mr. Muntzer has no criminal history. He is an uneducated appliance repair man who became overwhelmed by conspiracy theories disseminated on the internet. As with many of the other January 6 defendants, he spent his evenings in his mobile home, in rural Montana, perusing the internet with his cell phone. And at some point, he became a victim of numerous conspiracy theories that were being fed to him over the internet by a number of very clever people, who were uniquely equipped with slight, if any, moral or social consciousness. He was consumed with what he was reading and

began to lead an online, almost *Walter Mitty* type of existence, as a champion of far-right politics.

13. Mr. Muntzer would ask the Court to recognize his true character. He is a kind and compassionate person.

**A Sentence of 10 months Provides Just Punishment**

14. A term of imprisonment in the range of 10 months is sufficient to promote respect for the law, provide adequate deterrence, and would protect the public. It is also consistent with Muntzer's JSIN number.

**Sentencing Disparities**

*Pre-Fischer*

15. At page 23 of ECF 103, the United States cites a number of *pre-Fischer* case, arguing that they demonstrate that courts have been imposing significant *upward* departures and/or variances in January 6 cases. However, a review of these *pre-Fischer* cases demonstrates that everyone of them, except for *U.S. v. Speed*, the court imposed a significant *downward* departure and/or variance. And in most instances the facts were much more egregious than those in the Muntzer case.

16. *U.S. v. Speed,* 22cr244 TNM, the court did impose a substantial *upward* variance. However, Speed is a violent racist adherent of Hitler's agenda. Speed was a proud boy who advocated for the execution of the entire Jewish population. He had a TS/SCI security clearance which made his behavior even more concerning. He entered the capital through shattered doors, carried a tactical backpack donned a facemask to avoid detection. He was convicted (EDVA) of purchasing unregistered silences and stockpiling weapons after the events of January 6. *Speed* was and is a

7

dangerous man. He managed to filter into society despite his dangerous beliefs and actions. Speed was sentenced to 48 months.

*Post-Fischer*

17. At page 24-25 of ECF 103, the United States references three *post-Fischer* cases that did result in variances. However, again, they are distinguishable on the facts.

18. In *US v. Sparks 21cr87 TJK,* Judge Kelly imposed a substantial *upward* variance, to 53 months, for a defendant that was one of the first people to crash through a window at the Capitol. Once inside, Sparks joined a crowd (many of them armed) and chased Officer Goodman up the steps. He wore a bullet proof vest and carried a tactical backpack. Pre-January 6 Sparks made many public remarks about dragging politicians out the Capitol. His conduct was far more egregious than Muntzer's.

19. In *US v. Robertson,* 21cr34 (CRC), Judge Cooper sentenced Robertson to the low end of his guidelines – which were high. Robertson, a police Sargent, was an organizer and leader, wore a gas mask, and armed himself with a big stick. He struck two police officers with the stick. He entered the Capitol through a broken window. After his participation in January 6, he transported 34 firearms across state lines and partially assembled a pipe bomb. There is no comparison to be made between Muntzer and Robertson.

20.  In *US v. Dunfee*, 23cr36 RBW, Judge Walton imposed a 12-month *upward* variance on a pastor, who used his influence over his congregation to facilitate participation in the January 6 riot. He carried a megaphone to the Capital and

proceeded to direct people. He implored people to break down barricades and played a key role in encouraging others to engage in various illicit behaviors that day. Dunfee was sentenced to 30 months. This pastor used his unique position as a leader to influence his congregation. And he also guided the rioters in their activities at the Capitol on January 6.

## CONCLUSION

21. Mr. Muntzer submits that a sentence of 10 months is a *"sentence sufficient, but not greater than necessary"* to comply with the objects of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/
Christopher M. Davis #385582
Counsel for Henry P. Muntzer
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion on the United States via the Court's CM/ECF System on this 4th day of October 2024.

/s/
Christopher M. Davis

9