UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-105 (JMC) |
| : | |
| HENRY PHILLIP MUNTZER, : | |
| also known as "Hank Muntzer" : | |
| : | |
| Defendant. : | |
| : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR EXTENSION OF SELF-SURRENDER DATE**

The defendant, Henry Muntzer, moved to delay the date of his self-surrender to the Bureau of Prisons ("BOP"). ECF No. 115. Because that motion was "insufficiently specific" and lacked "further detail" about Mr. Muntzer's need "to get his affairs in order," the Court denied that motion. Nov. 18, 2024, Minute Order. Mr. Muntzer has now filed a second motion, similarly seeking to delay his report date and purporting to provide the further detail necessary to justify this delay. ECF No. 118. This second filing, however, is unpersuasive. Because Mr. Muntzer's motion provides no compelling justification for the requested delay, the Court should deny the motion.

The government has already summarized the procedural history of this case in its response to Mr. Muntzer's first motion seeking to delay his report date. ECF No. 116. Nothing in the present motion explains why Mr. Muntzer has been unable to get his personal or professional affairs in order in the nine months since this Court rendered its verdict, or in the more than five weeks since this Court pronounced Mr. Muntzer's sentence. Rather, he simply asserts that "it is taking more time than he thought" to wind down his business. ECF No. 118 at ¶ 2. He provides no explanation, however, for why he was unable to "inventory and return customer property" over the course of

1

the past nine months, in anticipation of his sentence. He likewise provides no explanation for why it would take more than the six weeks between sentencing and his report date to "clean out the building."

Mr. Muntzer's argument that his report date should be delayed so he can arrange for the care of his home is even more threadbare. He simple asserts that he "needs to dispose of his residence – or at the very least, make arrangements for its care while he is serving his sentence." ECF No. 118 at ¶ 3. Notably absent is any mention of circumstances that would have prevented him from making these arrangements at any time in the past nine months.

Nothing in Mr. Muntzer's second motion justifies further delay in this case. The government therefore requests that the Court deny Mr. Muntzer's motion and require that he report to FCI Lompoc II on November 26, 2024, as requested by the Bureau of Prisons, to begin serving his sentence.

    Respectfully submitted,

    MATTHEW M. GRAVES  
    UNITED STATES ATTORNEY  
    D.C. Bar Number 481052

By:    /s/ *Brian D. Brady*
       BRIAN D. BRADY
       Trial Attorney, Department of Justice
       D.C. Bar No. 1674360
       601 D Street, N.W.
       Washington, D.C. 20530
       Brian.Brady@usdoj.gov
       (202) 834-1916

       */s/ Sean J. Brennan*
       SEAN J. BRENNAN
       Assistant United States Attorney
       NY Bar No. 5954128
       601 D Street NW
       Washington, DC 20530
       sean.brennan@usdoj.gov
       (202) 252-7125